UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-20 |
| THORNE BROWN | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion by defendant Thorne Brown to vacate and modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B).[1]  The United States of America ("the government") responds in opposition.[2]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies Brown's motion.

## I.       BACKGROUND

On January 26, 2018, Brown was charged in an indictment with conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1), and distribution of 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A) (Count 2).[3]  On January 24, 2019, Brown pleaded guilty to both counts without a plea agreement.[4]

In preparation for sentencing, the United States Probation Office issued Brown's final presentence investigation report ("PSR") on April 25, 2019.[5]  The PSR stated that Brown's total

---

[1] R. Doc. 89.
[2] R. Doc. 93.
[3] R. Doc. 1.
[4] R. Doc. 47.
[5] R. Doc. 54.

offense level was 29, and his criminal history category was I, indicating a guideline range of 87 to 108 months' imprisonment.[6]   However, both counts of conviction had a statutory, mandatory minimum sentence of 10 years' imprisonment; thus, pursuant to U.S.S.G. § 5G1.1(c)(2), 120 months' imprisonment was the guideline range.[7]   The PSR also explained that Brown was ineligible for the safety valve pursuant to U.S.S.G. § 5C1.2(a)(5), which would have permitted the Court to disregard the statutory, mandatory minimums and impose a sentence within the otherwise applicable guideline range, because he did not truthfully provide to the government all information and evidence concerning the instant offense.[8]   There were no objections to the PSR.[9]   On May 2, 2019, this Court sentenced Brown to the statutory, mandatory minimum sentence of 120 months' imprisonment as to each of Counts 1 and 2, to be served concurrently, followed by five years of supervised release.[10]

Brown, citing 18 U.S.C. § 3582(c)(1)(B), moves to vacate and modify his sentence, arguing that he was eligible for the safety valve and thus should have been sentenced without regard to the statutory, mandatory minimum.[11]   In opposition, the government argues that this Court lacks jurisdiction to entertain Brown's motion.[12]   The government also argues that, if the Court were to consider Brown's motion, it lacks merit because Brown was ineligible for the safety value due to his failure to truthfully provide to the government all information and evidence concerning the instant offense.[13]

---

[6] *Id.* at 18.
[7] *Id.*
[8] *Id.* at 9.
[9] *Id.* at 22.
[10] R. Doc. 60.
[11] R. Doc. 89.
[12] R. Doc. 93 at 2-3.
[13] *Id.* at 3-4.

## II.   LAW & ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."   *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010).   Section 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[14]   Rule 35 provides that a court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within  14 days after sentencing, or it may later reduce a sentence upon the government's motion based on the defendant's substantial assistance.   Fed. R. Crim. P. 35.

Brown was sentenced more than a year ago, and the government has not filed a motion for a reduction in his sentence due to substantial assistance.   Thus, Rule 35 does not apply, and this Court lacks authority or jurisdiction to modify Brown's sentence thereunder.

Moreover, even if the Court were to consider Brown's motion on the merits, he has not demonstrated that he is eligible for the safety valve.   Under 18 U.S.C. § 3553(f), the safety valve, a court may impose a sentence without regard to the statutory minimum sentence if:

> the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that –
>
> (1) the defendant does not have –
>
> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
> (B) a prior 3-point offense, as determined under the sentencing guidelines; and

---

[14] Brown specifically cites § 3582(c)(1)(B), but the Court notes that none of the other subsections of § 3582(c) – which allow sentencing reductions in extraordinary circumstances, for prisoners over the age of 70, and when the sentencing range was subsequently lowered by the Sentencing Commission – applies to Brown.

(C) a prior 2-point violent offense, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).  The PSR indicated, and Brown did not dispute, that he did not, prior to sentencing, truthfully provide the government with all information or evidence he had concerning the offense.  Brown's failure to comply with § 3553(f)(5) precludes him from being eligible for the safety valve.[15]  Thus, even if the Court had authority or jurisdiction to consider Brown's motion, it would be denied on the merits.

## III.   CONCLUSION

Accordingly, for the reasons stated above,

---

[15] Brown seems to raise an equal protection argument that eligibility for the three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 should automatically satisfy § 3553(f)(5).  R. Doc. 89 at 6-7.  It appears from Brown's motion that he wants to collaterally attack his conviction and sentence.  A motion under 28 U.S.C. § 2255 is the proper vehicle for doing so. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), Brown is hereby notified that the Court will recharacterize this motion as a motion under § 2255.  Brown is warned that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions.  *See* 28 U.S.C. § 2255(h).  Thus, the Court will grant Brown leave either to withdraw the constitutional arguments asserted in his motion or to amend the motion so that it contains all of the § 2255 claims he believes he has. *Castro*, 540 U.S. at 383.

IT IS ORDERED that Brown's motion to vacate and modify sentence (R. Doc. 89) is DENIED.

IT IS FURTHER ORDERED that the Court recharacterizes Brown's motion (to the extent is it not otherwise denied) as a collateral attack of his conviction and sentence under 28 U.S.C. § 2255. Brown has 120 days from the date of this Order & Reasons either to withdraw his constitutional challenges or to amend his motion to include all § 2255 claims he wishes to include.

IT IS FURTHER ORDERED that Brown's motion to appoint counsel (R. Doc. 90) is DENIED.

New Orleans, Louisiana, this 9th day of June, 2020.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE