UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-20 |
| THORNE BROWN | SECTION M (1) |

**ORDER & REASONS**

Before the Court is a motion by defendant Thorne Brown for compassionate release pursuant to 18 U.S.C. § 3582.[1] The United States of America ("the government") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Brown's motion.

**I.   BACKGROUND**

On January 26, 2018, Brown was charged in an indictment with conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1), and distribution of 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A) (Count 2).[3] On January 24, 2019, Brown pleaded guilty to both counts without a plea agreement.[4] On May 2, 2019, this Court sentenced Brown to the statutory, mandatory minimum sentence of 120 months' imprisonment as to each of Counts 1 and 2, to be served concurrently, followed by five years of

---

[1] R. Doc. 92.
[2] R. Doc. 96.
[3] R. Doc. 1.
[4] R. Doc. 47.

supervised release.[5]  Brown was assigned to the Federal Corrections Institute ("FCI") at Oakdale, Louisiana, and his projected release date is August 9, 2026.[6]

Brown moves for compassionate release arguing that there is an outbreak of COVID-19 at FCI Oakdale and he fears that he will die from the virus.[7]  He further argues that his incarceration during the pandemic has been stressful to his mother in light of his brother's death in an automobile accident.[8]  The government opposes the motion arguing that Brown has not exhausted his administrative remedies by seeking relief within the Bureau of Prisons ("BOP"), nor has he shown that he faces extraordinary circumstances so as to qualify for compassionate release.[9]

## II.     LAW & ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010).  Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

A court may not consider a defendant's § 3582 motion for a modification of a term of imprisonment until "after the defendant has fully exhausted all administrative rights to appeal a

---

[5] R. Doc. 60.
[6] https://www.bop.gov/inmateloc/ (last access on June 12, 2020).
[7] R. Doc. 92 at 1.
[8] *Id.* at 1-2.
[9] R. Doc. 96.

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *Garcia*, 606 F.3d at 212 n.5); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"). "Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction." *United States v. Castro*, 2020 WL 3076667, at *1 (E.D. La. June 10, 2020) (collecting cases). "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the FSA [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements of the FSA." *United States v. Guyton*, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (quotation omitted; collecting cases). The defendant must demonstrate that he has exhausted his administrative remedies and that he is entitled to compassionate release. *Castro*, 2020 WL 3076667, at *2 (citations omitted).

Brown has not shown that he has "fully exhausted all administrative rights to appeal" the BOP's failure to bring a motion on his behalf, or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). Because Brown has not satisfied his burden of proof with respect to the statutory exhaustion requirement, the Court lacks authority to consider his motion for compassionate release.

### III. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Brown's motion for compassionate release (R. Doc. 92) is DENIED.

New Orleans, Louisiana, this 12th day of June, 2020.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE