UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-20 |
| THORNE BROWN | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion by defendant Thorne Brown for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]   The United States of America ("the government") responds in opposition.[2]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies Brown's motion.

---

[1] R. Doc. 101.  This is Brown's second such motion.  R. Docs. 92; 101.  The Court denied Brown's first motion for compassionate release under § 3582 because he did not exhaust his administrative remedies within the Bureau of Prisons before filing the motion.  R. Doc. 97.  Brown moved for appointment of counsel to assist with the presentation of his current § 3582 motion.  R. Doc. 100.  There is no constitutional right to appointed counsel in post-conviction proceedings.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").  In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to 18 U.S.C. § 3582(c)(1)(A) motions like Brown's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel."  *United States v. Joseph*, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995), and *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010)).  "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice."  *United States v. Mogan*, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (quoting *United States v. Rodriguez*, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051-52 (5th Cir. 2008))); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require").  Here, the interests of justice do "not require the appointment of counsel because [Brown's] motion does not involve complicated or unresolved issues." *See Joseph*, 2020 WL 3128845, at *2 (quoting *Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(1)(A)(i) motion on appeal)) (internal citation and alterations omitted); *see also United States v. Drayton*, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally.").  Nor is there any indication that Brown is incapable of adequately presenting his motion *pro se*.  To be sure, the record reflects Brown is proficient in English, has completed high school, and has earned an associate degree in process technology.  R. Doc. 54 at 17.  *See Joseph*, 2020 WL 3128845, at *2 ("[Defendant's] submissions do not reveal her to be incapable of pursuing this matter pro se."); *see also United States v. Hames*, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who was literate, completed high school, submitted well-reasoned, albeit ultimately unsuccessful brief, and provided no basis to suggest that appointment of counsel would help him obtain relief).  Thus, the appointment of counsel is not warranted, and Brown's motion (R. Doc. 100) is DENIED.

[2] R. Doc. 103.  The government now concurs that Brown has exhausted his administrative remedies and this motion is ripe for review on the merits.  *Id.* at 3 n.1.

## I.      BACKGROUND

On January 26, 2018, Brown was charged in an indictment with conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1), and distribution of 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A) (Count 2).[3]  On January 24, 2019, Brown pleaded guilty to both counts without a plea agreement.[4]  On May 2, 2019, this Court sentenced Brown to the statutory, mandatory minimum sentence of 120 months' imprisonment in the custody of the Bureau of Prisons ("BOP") as to each of Counts 1 and 2, to be served concurrently, followed by five years of supervised release.[5]  Brown was assigned to the Federal Corrections Institute at Oakdale, Louisiana ("FCI Oakdale"), and his projected release date is August 9, 2026.[6]

## II.     PENDING MOTION

Brown, who is 33 years old, moves for compassionate release arguing that there is an outbreak of COVID-19 at FCI Oakdale and he fears that he will die from the virus because he has hypertension.[7]  He further argues that the warden of FCI Oakdale has mismanaged the facility's response to COVID-19 and that it is harder to take preventative measures, such as social distancing, within a prison.[8]

---

[3] R. Doc. 1.
[4] R. Doc. 47.
[5] R. Doc. 60.
[6] https://www.bop.gov/inmateloc/ (last accessed on October 22, 2020).
[7] R. Doc. 101 at 2-3.
[8] *Id.* at 4-8.

In opposition, after detailing the BOP's response to the COVID-19 pandemic,[9] the government argues that Brown has not shown "extraordinary and compelling reasons" warranting release under § 3582(c)(1)(A)(i), because he has not shown that he has a condition that the Centers for Disease Control ("CDC") has identified as elevating Brown's risk for severe outcomes with a COVID-19 infection.[10]   The government argues that Brown's medical records show that "at best" he has "slightly elevated [blood pressure] constituting 'prehypertension,'" not full hypertension, and the condition appears to be well controlled.[11]   Further, even if Brown did have hypertension, the government argues that it is not one of the categories of serious medical conditions specified by the U.S. Sentencing Commission in its policy statement as warranting a reduction in sentence under § 3582(c)(1)(A).[12]   With respect to hypertension, the government explains that the CDC has concluded that it is a condition that "might" increase the risk of severe illness, but at the same time the CDC advises that, because "COVID-19 is a new disease[,] [c]urrently there are limited data and information about the impact of underlying medical conditions and whether they increase the risk for severe illness from COVID-19."[13] Thus, the government argues that a hypertension diagnosis does not constitute a medical condition that is an "extraordinary and compelling reason" for compassionate release, even in light of COVID-19.[14]

The government also argues that Brown has failed to demonstrate that he is not a danger to the safety of the community or that he merits release under the applicable 18 U.S.C. § 3553(a) factors.[15] The government points out that Brown pleaded guilty to drug crimes based on conduct that was not isolated to a single instance and in which he involved others, and he has a criminal

---

[9] R. Doc. 103 at 3-7.
[10] *Id.* at 7-16.
[11] *Id.* at 12-14.
[12] *Id.* at 7-12.
[13] *Id.* at 12.
[14] *Id.* at 11-12, 14.
[15] *Id.* at 16-18.

history of similar offenses.[16] The government observes that Brown has served just three years of his ten-year sentence, and argues that releasing him early would lead to unwarranted sentencing disparities among similarly-situated defendants.[17]

## III.   LAW & ANALYSIS

"The district court' jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010).  Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[18]  "The Sentencing Commission's relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from a terminal illness or 'serious physical or medical condition' that

---

[16] *Id.* at 16-17.

[17] *Id.* at 17-19.

[18] The policy statements of the Sentencing Commission have not been amended to reflect the statutory changes brought about by the First Step Act, resulting in a discrepancy as to who may bring § 3582(c) motions in court (the relevant policy statement continues to provide that a term of imprisonment may be reduced only upon a motion by the director of the BOP), which has led some courts to conclude that the Sentencing Commission does not have a policy position applicable to motions brought by defendants pursuant to the First Step Act, while others have held that the policy statement may be helpful but not dispositive in deciding such motions. *United States v. Perdigao*, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (discussing U.S.S.G. § 1B1.13, and collecting cases). The Court agrees with those courts finding that the relevant policy statement is instructive to the determination of whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *See id.*; *United States v. LeBlanc*, 2020 WL 2331690, at *2 (E.D. La. May 11, 2020) (citations omitted); *United States v. Jones*, 2020 WL 5995689, at * 2-3 (N.D. Miss. Oct. 9, 2020) (recognizing that in *United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. 2020), and *United States v. Bell*, 823 F. App'x 283, 2020 WL 5823316 (5th Cir. Sept. 30, 2020), the Fifth Circuit suggested "that § 1B1.13 and the circumstances listed in its application note should be considered – if not applied," and noting that the Second Circuit in *United States v. Brooker*, 2020 WL 5739712 (2d Cir. Sept. 25, 2020), held that district courts' discretion cannot be constrained to consider as "extraordinary and compelling reasons" only those examples identified in § 1B1.13 and its application note 1(D)).

'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *Perdigao*, 2020 WL 1672322, at *1 (quoting U.S.S.G. § 1B1.13).   The policy statement also provides that a sentence may only be reduced if the court determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."   U.S.S.G. § 1B1.13(2).   Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community at large posed by the defendant's release.   18 U.S.C. § 3142(g).

Brown's motion is without merit.   Brown is a 33-year-old, African-American male, who has mildly elevated blood pressure that this Court will assume (for the purposes of this Order & Reasons) amounts to hypertension.   Brown has not shown that his age, race, gender, or medical condition elevates his risk of becoming seriously ill from COVID-19 as to satisfy the "extraordinary and compelling" standard necessary for a reduction in sentence or compassionate release.   *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Chambers*, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (denying motion for compassionate release for 51-year-old African-American male defendant with hypertension and other alleged medical conditions, explaining that "courts have found that hypertension does not amount to an extraordinary or compelling reason for release" during the COVID-19 pandemic) (collecting cases); *United States v. Green*, 2020 WL 3642860, at *4 (W.D. Pa. July 6, 2020) (denying motion

for compassionate release for 39-year-old defendant, explaining that while data suggests that African-Americans have been disproportionally affected by COVID-19, it is unclear whether race is an independent risk factor or whether adverse outcomes are caused by other factors, and that the court is unaware of evidence that high blood pressure stabilized and controlled by medication or a heart murmur places one at greater risk of COVID-19); *United States v. Koons*, 2020 WL 1940570, at *5 (W.D. La. Apr. 21, 2020) (denying motion for compassionate release for 60-year-old defendant allegedly suffering from high blood pressure, high cholesterol, and acid reflux).

Further, while the CDC has recognized ***pulmonary*** hypertension as a serious heart condition increasing the risk of severe illness from COVID-19, an increased risk due to hypertension (high blood pressure) is less clear. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 6, 2020) ("[H]ypertension (high blood pressure) ... ***may*** increase your risk of severe illness from COVID-19.") (emphasis added); *see also Koons*, 2020 WL 1940570, at *5 & n.10 (explaining that "it is unclear to what extent high blood pressure and/or high cholesterol are considered serious heart conditions for COVID-19 purposes," and noting that the "CDC's guidance names 'pulmonary hypertension' as a serious heart condition").  There is no indication that Brown suffers from hypertension of such a degree that it cannot be managed within the BOP.

Brown has failed to show that his risk of COVID-19 infection, severe illness, or complications rises to the level of "extraordinary and compelling reasons" for compassionate release or a sentence reduction under § 3582(c)(1)(A)(i).  Further, Brown has not shown that he is not a danger to the community considering the nature of his crimes.  Moreover, Brown has served

only 30% of his sentence, and releasing him at this point would contravene the purposes of §3553. Thus, Brown's motion has no merit.

## IV.   CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Brown's motion for compassionate release (R. Doc. 101) is DENIED.

New Orleans, Louisiana, this 23rd day of October, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE