UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 18-20

THORNE BROWN                                SECTION M (1)


**<u>ORDER & REASONS</u>**

Before the Court is a motion by defendant Thorne Brown to vacate and modify his sentence

pursuant to 28 U.S.C. § 2255.[1]  The United States of America ("the government") responds in

opposition.[2]  Brown replies in further support of his motion,[3] and the government files a surreply.[4]

Having considered the parties' memoranda, the record, and the applicable law, the Court denies

Brown's motion.

---

[1] R. Doc. 89.  On April 23, 2020, Brown, citing 18 U.S.C. § 3582(c)(1)(B), moved to vacate and modify his sentence, arguing that he was eligible for the safety valve and thus should have been sentenced without regard to the statutory, mandatory minimum.  *Id.*  Within that motion, Brown raised an equal protection argument that eligibility for the three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 should automatically satisfy § 3553(f)(5).  *Id.* at 6-7.  This Court construed Brown's equal protection argument as a motion under § 2255 to collaterally attack his conviction and sentence.  R. Doc. 95 at 4 n.15.  The Court granted Brown leave either to withdraw the constitutional arguments asserted in his motion or to amend the motion so that it contains all of the § 2255 claims he believes he has.  *Id.*  Brown subsequently filed a notice to construe his previous pleading as a § 2255 motion, but he did not add any more constitutional claims.  R. Doc. 98.

[2] R. Doc. 93.

[3] R. Doc. 107.  In his reply memorandum, Brown raises a new claim that he received ineffective assistance of counsel because his counsel failed to object to the presentence investigation report and failed to file a notice of appeal.  New claims raised for the first time in a movant's reply memorandum need not be considered.  *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply after the government filed its response).  A reply is not a forum to raise new arguments, but rather is an opportunity to respond to the arguments raised in the response. *Marroquin v. United States*, 2009 WL 89242, at *4 (N.D. Tex. Jan. 12, 2009).  Accordingly, Brown waived the ineffective assistance of counsel claim by raising it for the first time in his reply, especially considering that this Court gave him an opportunity to raise additional claims in his § 2255 pleading, which he failed to do.

[4] R. Doc. 108.

## I.      BACKGROUND

On January 26, 2018, Brown was charged in an indictment with conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1), and distribution of 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A) (Count 2).[5] On January 24, 2019, Brown pleaded guilty to both counts without a plea agreement.[6]

In preparation for sentencing, the United States Probation Office issued Brown's final presentence investigation report ("PSR") on April 25, 2019.[7]  The PSR stated that Brown's total offense level was 29, and his criminal history category was I, indicating a guideline range of 87 to 108 months' imprisonment.[8]  However, both counts of conviction had a statutory, mandatory minimum sentence of 10 years' imprisonment; thus, pursuant to U.S.S.G. § 5G1.1(c)(2), 120 months' imprisonment was the guideline range.[9]  The PSR also explained that Brown was ineligible for the safety valve pursuant to U.S.S.G. § 5C1.2(a)(5), which would have permitted the Court to disregard the statutory, mandatory minimums and impose a sentence within the otherwise applicable guideline range, because he did not truthfully provide to the government all information and evidence concerning the instant offense.[10]  There were no objections to the PSR.[11]  On May 2, 2019, this Court sentenced Brown to the statutory, mandatory minimum sentence of 120 months'

---

[5] R. Doc. 1.
[6] R. Doc. 47.
[7] R. Doc. 54.
[8] *Id.* at 18.
[9] *Id.*
[10] *Id.* at 9.
[11] *Id.* at 22.

imprisonment as to each of Counts 1 and 2, to be served concurrently, followed by five years of supervised release.[12]  Brown did not appeal his conviction or sentence.

## II.     PENDING MOTION

Brown moves to vacate and modify his sentence arguing that, under the Equal Protection Clause of the Fourteenth Amendment, anyone who is eligible for the three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 should automatically satisfy § 3553(f)(5).[13] Brown contends that it is illogical to find that he is ineligible for the safety valve under § 3553(f)(5) when he provided the government enough information in debriefing to earn the extra point for acceptance of responsibility under U.S.S.G. § 3E1.1.[14]

In opposition, the government argues that Brown is procedurally barred from seeking relief under § 2255 because he did not file a direct appeal and, consequently, did not raise his equal protection argument on direct appeal.[15]  The government also argues that Brown has not and cannot overcome his procedural default by showing cause for the procedural default and actual prejudice resulting from any error.[16]  Further, the government argues that Brown's motion lacks merit because courts have held that § 3553(f)(5) and U.S.S.G. § 3E1.1 are not the same and satisfying the requirements of U.S.S.G. § 3E1.1 does not guarantee that a defendant will qualify for the safety valve under § 3553(f)(5).[17]

## III.    LAW & ANALYSIS

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  A narrow

---

[12] R. Doc. 60.
[13] R. Doc. 89 at 6-7.
[14] *Id.*
[15] R. Doc. 105 at 2-4.
[16] *Id.*
[17] *Id.* at 3-4.

set of claims are cognizable on a § 2255 motion: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The defendant bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

To raise a claim in a collateral § 2255 challenge, the defendant must first raise it on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982) (collecting cases). As such, "[a] Section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Thus, a defendant in procedural default must show both "cause" for his default and "prejudice attributable thereto." *Murray v. Carrier,* 477 U.S. 478, 485 (1986). Alternatively, Brown must show that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage of justice because he is "actually innocent." *See United States v. Rouser*, 20 F.3d 1171, 1994 WL 144856, at *1 (5th Cir. Apr. 13, 1994).

Even construing Brown's *pro se* petition liberally, as we must, *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011), Brown does not present any arguments that show cause for his

procedural default, along with attendant prejudice, or his actual innocence.  Consequently, because Brown procedurally defaulted on his equal protection claim by failing to raise it on direct appeal, and he has failed to demonstrate any basis to avoid waiver, he is procedurally barred from pursuing this collateral challenge.

IV.     **CONCLUSION**

Accordingly, for the reasons stated above,

IT IS ORDERED that Brown's § 2255 motion to vacate and modify sentence (R. Doc. 89) is DENIED.

New Orleans, Louisiana, this 7th day of December, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE