UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-20 |
| THORNE BROWN | SECTION M |

## ORDER & REASONS

Before the Court is a motion by Thorne Brown for early termination of his term of supervised release,[1] to which the government and the United States Probation Officer ("USPO") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

After a long-term narcotics investigation conducted by the Drug Enforcement Administration ("DEA"), Brown was charged by indictment in Count 1 with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and in Count 2 with distribution of 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).[3] Brown pleaded guilty as charged without a plea agreement.[4] On May 2, 2019, this Court sentenced Brown to the statutory mandatory minimum sentence – namely, 120 months' imprisonment as to each of Counts 1 and 2, to run

---

[1] R. Doc. 123.
[2] R. Doc. 125. The USPO's opposition came to the Court in the form of a "Report on Offender Under Supervision," which document is not placed into the record. *See id.* at 2.
[3] R. Doc. 1.
[4] R. Doc. 47.

1

concurrently.[5]  His term of imprisonment was to be followed by a five-year term of supervised release as to each count, also to run concurrently.[6]  Brown's detention and term of imprisonment commenced with his arrest on January 31, 2018.[7]  The USPO advises the Court that Brown commenced his supervised release on October 15, 2024.

After serving only 20 months of his term of supervised release, Brown filed the instant motion for early termination, stating that he has abided by the conditions set for his supervision, pursued drug and mental health counseling, maintained employment, become a better father and family man, and needs to travel for work.[8]  The government and the USPO oppose the motion.[9]  The USPO states, although Brown has complied with the terms and conditions of his supervision, he has not made any significant reentry or treatment efforts that would warrant early termination of his supervised release and that both Brown and the community would benefit from his further supervision.  Upon explaining the reach of the DEA investigation and the quantities of drugs involved, the government argues that the request "should be denied based on the nature and circumstances of the offense and the history and characteristics alone."[10]  It further points out that Brown has not shown any special circumstances that would justify early termination and that compliance with the conditions of supervised release is the minimum expectation, not grounds for early termination.[11]

Pursuant to 18 U.S.C. § 3583(e)(1), a court, after considering the factors set forth in 18 U.S.C. § 3553(a), may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action

---

[5] R. Doc. 60 at 2.
[6] *Id.* at 3.
[7] R. Doc. 54 at 3.
[8] R. Doc. 123.
[9] R. Doc. 125.
[10] *Id.* at 1-2, 4 (quote at 4).
[11] *Id.* at 3-4.

2

is warranted by the conduct of the defendant released and the interest of justice." Among the § 3553(a) factors a court must weigh are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal conduct, the need to protect the public, the need to provide the defendant with correctional treatment, and the kinds of sentences and sentencing ranges available. Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

Considering the mandates of §§ 3583(e)(1) and 3553(a), the record, and the parties' arguments, the Court finds that early termination of Brown's supervised release is not warranted. Brown has not shown that early termination is in the interest of justice. He was an integral part of wide-ranging drug conspiracy, selling drugs to users and other dealers alike in large quantities. Brown's motion states only that he has complied with the conditions of his supervised release, grown as a person, and that he needs to travel for work.[12] There is no explanation of any extraordinary circumstances justifying early termination, not even an explanation of whether the USPO has denied any work-related travel requests that would hinder such work. Accordingly, for the foregoing reasons,

IT IS ORDERED that Brown's motion for early termination of his term of supervised release (R. Doc. 123) is DENIED.

New Orleans, Louisiana, this 17th day of July, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[12] *See* R. Doc. 123.

3